## G. W. LITTLE v. STATE.

No. A-5577. Opinion Filed May 22, 1926.
(245 Pac. 1062.)

Clayton Carde, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. Plaintiff in error, G. W. Little, was convicted in the county court of Kiowa county upon an information charging that in said county, September 6, 1924, he did have in his possession, with intent to sell, one pint of whisky, and in accordance with the verdict

of the jury he was sentenced to pay a fine of $400 and to be confined in the county jail for four months. To reverse the judgment he appeals, and assigns as error that the verdict is not sustained by the evidence; that the court erred in admitting incompetent evidence and in refusing requested instruction.

The evidence discloses that three officers visited the stockyards of the Frisco Railroad at the town of Snyder, and in a barrel of hog feed in a stock pen adjoining the stockyards they found a pint bottle of whisky, and an empty carton was found near by that had contained pint fruit jars.

Jack Ball, deputy sheriff, testified:

"We found a pint in a barrel full of hog feed that was standing in the center of the lot."

His further examination is as follows:

"Q. Do you know who was in control of that hog lot? A. No, I don't.

"Q. Did you ever have any information?"

Over defendant's objection, he was permitted to answer that he understood Mr. Fullingame and Mr. Little were feeding hogs out there. Over defendant's objection, each of the two witnesses for the state were permitted to testify that they knew the general reputation of the stockyards as being a place where intoxicating liquor is kept, and that reputation was bad. At the close of the evidence for the state, the defendant moved for a directed verdict of acquittal, which was refused.

For the defense, W. A. Fullingame testified that he was engaged in the butcher business in Snyder and occupied the stock pen that joins the Frisco Stockyards, having leased the same from Hon. Syd Bailey, about a year before; that the barrel in the lot he used to hold

slop made from the refuse from his butcher shop; and that defendant Little worked for him to support his wife and five children.

In our opinion, the evidence is wholly insufficient to show defendant's possession of the liquor in question, and assuming possession to be shown, the amount found being less than a pint, there would be no presumption of intent to violate the liquor laws. It follows that the court erred in refusing to advise the jury to return a verdict of acquittal.

The defendant also requested an approved instruction where circumstantial evidence solely is relied on for a conviction, which the court refused to give. The instruction requested should have been given, and it was error for the court to refuse it.

For the errors indicated, the judgment is reversed.

BESSEY, P. J., and EDWARDS, J., concur.